**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 08-1371

UNITED STATES,

Appellee,

v.

MICHAEL J. LOVELY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Elaine Mittleman on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby, United States Attorney, on brief for appellee.

March 26, 2009

**Per Curiam**. Defendant-appellant Michael Lovely appeals from his sentence, arguing that the district court did not recognize it had discretion to reduce a career criminal offender Guideline sentence and that it did not sufficiently take into consideration Lovely's background in sentencing him. The sentence is affirmed.

We review questions of law, such as the legal meaning of the Sentencing Guidelines, de novo. See United States v. Vazquez-Botet, 532 F.3d 37, 65 (1st Cir. 2008). Review of findings of fact is for clear error, United States v. Cali, 87 F.3d 571, 575 (1st Cir. 1996), and appellate review of the overall sentence is for reasonableness. United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

Application of 28 U.S.C. § 994(h)

There was no error in the court's imposition of a Guideline sentence. The court recognized that the Guidelines were advisory only. During the Guideline calculations, the court made clear that it understood the Guideline range to be advisory in the context of the application of career criminal offender statute, 28 U.S.C. § 994(h), stating, "[994(h) is] not determinative. It doesn't set a minimum. It's not a mandatory." The court properly considered the Guideline range in determining the sentence imposed. As we have recently noted in a career offender case, sentencing judges now have "considerable leeway to vary from the Guidelines range," but the Guidelines remain the starting point for any sentencing

-2-

decision, and "the Guidelines range may substantially influence a particular defendant's sentence, especially when large increases imposed on career offenders are involved."  United States v. Giggey, 551 F.3d 27, 29 (1st Cir. 2008) (en banc).

18 U.S.C. § 3553(a)(4) requires sentencing courts to consider the category of the defendant as set forth in the Guidelines, and § 3553(a)(5) requires consideration of "any pertinent policy statement...issued by the Sentencing Commission."  Policy statements in the guidelines follow the mandate to the Commission in 28 U.S.C. § 994(h) to "assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term" for career offenders as defined in the statute.  The background commentary to USSG § 4B1.1, the career criminal offender guideline, makes clear that the guideline implements the directive of the statute.  While not decisive, "[p]olicy statements issued by the Sentencing Commission are, of course, pertinent to sentencing determinations even under the now-advisory guidelines."  United States v. Martin, 520 F.3d 87, 93 (1st Cir. 2008) (citing 18 U.S.C. § 3553(a)(5)).  The Supreme Court has also emphasized the need for sentencing courts to follow the factors outlined in § 3553(a). See Kimbrough v. United States, 128 S.Ct. 558, 570 (2007) ("while [§ 3553(a)] still requires a court to give respectful consideration to the Guidelines,..., Booker permits the court to tailor the sentence in light of other statutory concerns") (emphasis supplied).  The

-3-

court here properly assessed the 3553(a) factors, including the Congressional intent evidenced in the policy statements, and it also maintained that the Guideline range was advisory.

The court's discussion with the parties about the appropriate role of § 994(h) does not demonstrate that it failed to understand its discretion, only that it sought guidance about how best to incorporate the statutory directive in its application of the advisory Guidelines. The court made clear its own understanding that the Guidelines themselves were advisory but sought clarification from counsel on whether he could "just ignore" the language of § 994(h). The parties replied that § 994(h) had to be considered. The court did just that, assessing it in the context of the factors expressed in § 3553(a). There was no error.

Reasonableness of the Sentence

Lovely also claims that the district court "did not address the complete disconnect" between his Career Offender predicates and his offense conduct and failed to "discuss the special circumstances of those crimes" in imposing the sentence. This claim fails because the district court directly and reasonably addressed Lovely's concerns at sentencing. It noted first, in response to the defense's argument for a departure on the grounds that Lovely's risk of recidivism was low,

> I do not find departure appropriate. I don't find any overrepresentatation of criminal history here. The recidivism that Mr. Lovely has shown and the violence that he has shown suggests that the criminal history

-4-

calculation is appropriate, and I don't find that the circumstances here do justify a [§] 5K2.0 departure.

The court was within its discretion to choose not to impose a departure. <u>Jimenez-Beltre</u>, 440 F.3d at 519. The district court similarly considered defendant's arguments that Lovely was different because he dealt primarily marijuana, not crack, and because he accepted responsibility for his conduct and cooperated with authority. The court concluded that these factors could be appropriately addressed with the selection of a sentence within the Guideline range. The court's sentence was not unreasonable.

**Affirmed**.